[Cite as *Heaton v. Heaton*, 2017-Ohio-42.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Lisa Heaton                                  Court of Appeals No. L-16-1034

　　　Appellee                              Trial Court No. DR2005-0793

v.

Brian Heaton                                 **DECISION AND JUDGMENT**

　　　Appellant                            Decided:  January 6, 2017

* * * * *

Mark A. Davis, for appellee.

Karin L. Coble, for appellant.

* * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** Appellant, Brian Heaton, appeals the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion for relief from judgment.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} Lisa and Brian Heaton were married on October 14, 1998. Two children were born of the relationship. On July 11, 2005, Lisa filed a complaint for divorce in the court below. She also filed a request for temporary orders of support pursuant to Civ.R. 75(N). On September 2, 2005, the lower court issued the magistrate's order pursuant to Civ.R. 75(N).

{¶ 3} On December 14, 2007, Brian filed a motion for leave to file a motion to modify the Civ.R. 75(N) order of September 2, 2005. The lower court granted the motion for leave, and on January 14, 2008, Brian filed a motion to modify. The case came before the court for a hearing on July 8, 2008. At the hearing, the parties notified the court that they had reached an agreement on a number of matters at issue including the issue of the arrears existing pursuant to the Civ.R. 75(N) temporary order.

{¶ 4} Concerning arrears, the parties agreed that Brian owed $82,524.73 in arrears under the temporary order for child support, spousal support, and additional bills that Brian was supposed to pay. The parties further agreed that the arrears would be treated as child support. However, Brian argued that the court's temporary orders were flawed. The court rejected that argument, finding that the issue had already been litigated and was barred by res judicata. The court ultimately approved the settlement and adopted it as part of the order of the court.

{¶ 5} Subsequently, Brian entered a timely notice of appeal, challenging the lower court's treatment of the temporary support orders. Specifically, Brian asserted that "the

2.

lower court erred in its calculation of spousal support in the Civ.R. 75(N) temporary order and further erred in ruling at the July 8, 2008 hearing that the matters of the allegedly flawed temporary orders were res judicata." *Heaton v. Heaton*, 6th Dist. Lucas No. L-08-1434, 2010-Ohio-6214, ¶ 61. On December 17, 2010, we issued our decision in *Heaton*, in which we rejected Brian's argument and affirmed the trial court's judgment. In addressing Brian's argument, we noted that

> the parties stipulated to a modification of [the temporary order] and stipulated to the effective date of the modification. In addition, Brian stipulated to the amount of the arrearage, which was based on the temporary order, and stipulated that the arrearage was to be paid through the Child Support Enforcement Agency. If [Brian] did not agree with that modification, effective date, or arrearage amount, he should not have stipulated to it. As stated above, temporary support orders are subject to appeal and review once a final order has been entered by the court. But in this instance, [Brian] has waived his right to challenge that order on appeal by agreeing to its modification. *Id.* at ¶ 68.

{¶ 6} Nearly five years later, Brian returned to the trial court and filed a motion to vacate judgment under Civ.R. 60(B)(5) or, in the alternative, to reform and modify the judgment. In the motion, Brian noted that Lisa filed for bankruptcy in 2010. As a result of the bankruptcy, Lisa was no longer required to pay approximately $46,000 in debts that were incorporated into the parties' settlement as to arrearages that would be collected

3.

from Brian through the Child Support Enforcement Agency. Brian argued that he should be relieved from his obligation to pay the portion of the arrearages that were discharged in bankruptcy. Brian reasoned that requiring him to pay the portion of the arrearages that was attributable to bills Lisa is no longer required to pay would provide a windfall to Lisa and would be inequitable.

{¶ 7} In her memorandum in opposition to Brian's motion, Lisa argued that res judicata precluded Brian from relitigating the propriety of the trial court's inclusion of amounts owed to Lisa for matters other than child support in the stipulated child support order. In support of her argument, Lisa noted the fact that this issue was raised and rejected in our decision in *Heaton*, *supra*. Additionally, Lisa argued that Brian's motion did not qualify for relief under Civ.R. 60(B)(5) because it was untimely filed and lacked a showing that Lisa's filing for bankruptcy was wrongful.

{¶ 8} On January 14, 2016, the parties' attorneys appeared before the trial court for a hearing on Brian's Civ.R. 60(B) motion. At the outset, the court denied a motion filed by Brian's counsel late in the afternoon on the day prior, in which Brian's counsel sought a continuance of the hearing based upon a scheduling conflict. Brian's counsel then attempted to dismiss the Civ.R. 60(B) motion without prejudice, which the court denied. Instead, the court found that Brian's motion was untimely insofar as it was filed five years after our decision in *Heaton*, *supra*. As to the merits of Brian's argument, the court noted that the trial court's calculation of arrearage and the classification of such

arrearage as child support rather than other debts was already affirmed by this court. To that end, the trial court stated:

> Now, the Court has already ruled – not only this Court but the Court of Appeals has already ruled that the $82,000 plus is child support, not some other consumer debt or other type of debt that you're alleging that [Lisa] has discharged in bankruptcy, so I mean, you're * * * facing the proposition, as [Lisa's counsel] properly points out in his Memorandum in Opposition, that that's a matter of res judicata. It's already been decided, not only by this Court but also by the Court of Appeals, that that $82,000 is child support and not debt.

{¶ 9} Ultimately, the trial court dismissed Brian's motion with prejudice. Brian's timely notice of appeal followed.

## B. Assignment of Error

{¶ 10} On appeal, Brian assigns the following error for our review:

> The trial court erred by refusing to grant a timely requested continuance, "overruling" a timely requested voluntary dismissal, dismissing appellant's Civ.R. 60(B) motion on the basis of res judicata, and denying the motion "with prejudice" and without a full hearing.

## II. Analysis

{¶ 11} In his sole assignment of error, Brian argues that the trial court erred in denying his motion to continue the hearing on his Civ.R. 60(B) motion, and further erred in dismissing the matter with prejudice without a full hearing on the merits.

{¶ 12} We review the trial court's decision under Civ.R. 60(B) for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶ 14} "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). The movant must set forth "operative facts" in support of these requirements. *Id.* at 21.

6.

While there is no requirement that the movant submit evidentiary material in support of the motion, the movant must present more than bare allegations of entitlement to relief. *Id.* at 20-21. Because we find that Brian has failed to demonstrate that his motion was filed within a reasonable time under the third prong of the *GTE* test, we need not address the first two prongs of that test.

{¶ 15} As noted above in our recitation of the facts, the child support arrearage amount contested by Brian in this case was originally agreed upon by the parties and incorporated into the trial court's entry in 2008. The trial court's decision was then affirmed on appeal in 2010, the same year Lisa filed for bankruptcy.[1] Nearly five years later, Brian filed his Civ.R. 60(B) motion.

{¶ 16} In his motion, as well as his brief to this court, Brian offers no explanation for the delay in filing the motion. Rather, Brian argues that the trial court abused its discretion in deciding that the motion was untimely filed without first affording him the opportunity to explain the delay during an evidentiary hearing. However, this argument overlooks Brian's initial obligation to set forth operative facts in support of timeliness. Without any explanation for the five-year delay in filing the Civ.R. 60(B) motion, we cannot say that the trial court abused its discretion in dismissing the motion with prejudice without an evidentiary hearing. Moreover, we find no merit to Brian's argument that the trial court erred in refusing to grant him a continuance where the motion was filed less than 24 hours prior to the hearing. When asked why the

---

[1] Notably, Brian has failed to identify the date on which Lisa received a discharge of her debts from the bankruptcy court.

7.

continuance was necessary, Brian's counsel merely indicated that he had a scheduling conflict with other cases that were pressing.

{¶ 17} In light of our conclusion that Brian's motion was untimely, we find that the trial court did not abuse its discretion in denying Brian's request for relief from judgment under Civ.R. 60(B). Accordingly, Brian's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 18} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Brian is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                                JUDGE
Thomas J. Osowik, J.

                                                   _____
Stephen A. Yarbrough, J.                            JUDGE
CONCUR.

                                                   _____
                                                                JUDGE

8.